IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ROBLES, <br><br> Plaintiff, <br> v. <br><br> GILLIG LLC; GILLIG CORPORATION; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. 10-3827 SC <br><br> ORDER RE: MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES |

## I. INTRODUCTION

Now before the Court is a Motion to Remand and Request for Attorneys' Fees ("Motion") filed by Plaintiff Victor Robles ("Plaintiff" or "Robles"). ECF No. 8. Defendant Gillig LLC ("Defendant" or "Gillig") filed an Opposition, ECF No. 11, and Plaintiff submitted a Reply, ECF No. 15. For the following reasons, the Court GRANTS the Motion to Remand and DENIES the Request for Attorneys' Fees.

## II. BACKGROUND

Plaintiff filed this action in the Superior Court of California for the County of Alameda alleging various state law causes of action, including disability discrimination under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, et seq. ECF No. 1 ("Notice of Removal") Ex. A

("Compl."). Gillig manufactures transit buses. Id. ¶ 9. On or about April 27, 2009, Gillig hired Plaintiff to begin working in its manufacturing facility's paint department. Id. ¶ 8. Plaintiff was a member of the Teamsters Local 853 Union, and his employment was governed by a collective bargaining agreement ("CBA") between Gillig and Teamsters Local 853. Id. ¶ 12. Pursuant to the CBA, Plaintiff began work under "a conditional offer of employment," also referred to as an "introductory period," lasting sixty days from the beginning of his employment. Id. ¶ 13.[1] On or about May 4, 2009, Plaintiff took a sick day to see a physician regarding a blister on his foot. Id. ¶ 14. On or about May 5, 2009, Plaintiff was diagnosed with a soft-tissue infection of the foot that required surgery, and he was ordered off work by his physician until June 1, 2009. Id. ¶ 16. On or about May 13, 2009, Gillig sent Plaintiff a letter stating that he was terminated due to his inability to successfully complete his introductory period. Id. ¶ 18.

Plaintiff filed a claim with the Department of Fair Employment and Housing on or about March 11, 2010, and received a Right to Sue letter on or about May 16, 2010. Id. ¶ 19. On July 29, 2010, Plaintiff commenced this action in state court; Gillig was served on August 5, 2010. Notice of Removal ¶¶ 5-6. Gillig removed the case to this Court on August 27, 2010. See id.

---

[1] Subsequent to filing his Motion, Plaintiff voluntarily dismissed the allegations in paragraphs 12 and 13 of the Complaint, and some of the allegations in paragraph 18. See ECF Nos. 9, 10. However, in determining whether removal was proper, the Court must look to the Complaint at the time of removal, not as subsequently amended. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

2

### III. LEGAL STANDARD

A complaint originally filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441 within thirty days of service on the defendant. 28 U.S.C. § 1446(b). On a motion to remand, a defendant bears the burden of showing that a federal court would have jurisdiction from the outset; in other words, that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "strictly construe the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id., see also Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)("any doubt is resolved in favor of remand"). A district court's subject matter jurisdiction is determined on the basis of the complaint at time of removal, not as subsequently amended. Sparta Surgical Corp., 159 F.3d at 1213.

### IV. DISCUSSION

#### A. Motion to Remand

Plaintiff contends the case should be remanded to state court because the Court lacks subject matter jurisdiction. Mot. at 2. Plaintiff's Complaint asserts no federal cause of action; it alleges disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), failure to engage in interactive process, failure to accommodate, and wrongful termination in violation of public policy. Compl. ¶¶ 20-51. Defendant contends the case was properly removed because Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Opp'n at 4.

3

Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir. 1993) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988)). In determining whether LMRA preemption applies, "[t]he plaintiff's claim is the touchstone for [the] analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001).

Further, a "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." Ramirez, 998 F.2d at 749. "Causes of action that only tangentially involv[e] a provision of a collective bargaining agreement are not preempted by section 301. Nor are causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract." Id. at 748 (citations and internal quotation marks omitted). Thus, as the Ninth Circuit observes, "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." Cramer, 255 F.3d at 691. "'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test." Id.

4

Here, Defendant contends that Plaintiff's claims are substantially dependent upon the interpretation of the CBA between Gillig and Teamsters Local 853 because Section 8 of the CBA provides that "[d]uring the introductory period, an employee may be discharged for any reason, which, in the opinion of the Company, is just and sufficient, except for legitimate Union Activity."  Conant Decl. Ex. B ("CBA").[2]  Defendant argues that "[s]ince the issue of whether the company had 'just and sufficient' reasons for the termination decision . . . is substantially dependent on an interpretation of the [CBA], the action is preempted by § 301 of the [LMRA]."  Opp'n at 3.

Plaintiff contends that the Ninth Circuit's decision in Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) mandates a finding of no preemption in this case.  Mot. at 7.  Moreover, Plaintiff contends that Defendants' argument would allow a CBA to circumvent California's anti-discrimination laws and replace them with Defendant's own determination of whether the reason for termination was just and sufficient.  Id.

This Court agrees with Plaintiff.  The U.S. Supreme Court has explained that in the typical case a state court can resolve a discriminatory discharge claim without interpreting the "just cause" language of a CBA.  Lingle, 486 U.S. 399 at 413.  This is such a case.  Here, the issue to be decided is whether Defendant discriminated against and wrongfully terminated Plaintiff on account of his disability.  The key to resolving Plaintiff's claims will be Defendant's motivation in terminating Plaintiff's

---

[2] Gaylynn Kirn Conant ("Conant"), attorney for Defendant, filed a declaration in opposition to the Motion.  ECF No. 12.

employment, i.e., whether Defendant terminated him because of his disability.  This purely factual determination does not require a court to interpret the "just cause" provision of the CBA.

"In every case in which [the Ninth Circuit] ha[s] considered an action brought under [FEHA], [it] ha[s] held that it is not preempted by section 301." Ramirez, 998 F.2d at 748.  For example, in Detabali, a nurse asserted FEHA claims alleging that her employer discriminated against her on the basis of her race and ethnicity.  482 F.3d at 1203.  The defendants argued that Detabali was terminated not because of her race or ethnicity, but because she refused to work a particular assignment as required by the CBA that governed her employment.  Id. at 1202.  The court found that the plaintiff's FEHA claims were not preempted by the LMRA even though the viability of the plaintiff's claims required a court to refer to certain provisions of the CBA.  Id. at 1203.  The court explained that "because there is no dispute over the meaning of any terms within the agreement, resolution of the central issue -- whether St. Luke's discriminated against Detabali in applying the agreement -- does not depend on the interpretation of the [CBA]." Id.

Similarly, here there is no dispute as to the meaning of "just and sufficient" in the CBA that governed Plaintiff's employment. Rather, the disputed issue -- as in Detabali -- is whether Plaintiff was terminated for discriminatory reasons in violation of FEHA.  Defendant seeks to distinguish Detabali on the ground that "this case does not simply present whether an employer discharged an employee for discriminatory reasons.  Rather, [Plaintiff] admits that [Defendant's] stated reason for terminating him was his

6

inability to successfully complete the sixty day introductory period." Opp'n at 5. Defendant argues that resolution of the case therefore requires interpreting the CBA "to evaluate whether [Defendant] terminated [Plaintiff] in accordance with its rights under the CBA." Id.

Defendant's attempt to distinguish Detabali fails. Regardless of Defendant's stated reasons for terminating Plaintiff, the resolution of Plaintiff's claims will turn on the factual determination whether Defendant terminated Plaintiff on account of his disability. It is "unnecessary to interpret the terms of the CBA in order to adjudicate Plaintiff's discrimination claim because [his] claim turns on [Defendant's] motives, not the parties' contractual rights -- whatever the CBA establishes those rights to be." Garcia v. Kaiser Found., No. CV 08-4153, 2008 WL 4949045, at *5 (C.D. Cal. Nov. 17, 2008)(finding no § 301 preemption of plaintiff's FEHA claim and wrongful termination claim).

This court thus finds that the resolution of Plaintiff's claims does not depend on the interpretation of the CBA governing his employment. Accordingly, Plaintiff's claims are not preempted by § 301 of the LMRA and removal to this court was improper.

### B. Request for Attorneys' Fees

Upon an order remanding the case, a district court is permitted under 28 U.S.C. § 1447(c) to award attorneys' fees if the removing party lacked an objectively reasonable basis for the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Here, while Defendant's removal was improper, it was not objectively unreasonable. As the Ninth Circuit has observed,

7

"[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." Cramer, 255 F.3d at 691. Rather, "the distinction between 'looking to' a CBA and 'interpreting' it is not always clear or amenable to a bright-line test." Given the nature of the § 301 preemption analysis, Defendant's removal was not objectively unreasonable.

## V. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Remand filed by Plaintiff Victor Robles. The Court DENIES his request for attorneys' fees. This case shall be remanded to the Superior Court of California for the County of Alameda.

IT IS SO ORDERED.

Dated: February 3, 2011

_____
UNITED STATES DISTRICT JUDGE